FILED
United States Court of Appeals
Tenth Circuit

May 30, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

In re: TAYLOR PROFITA,

    Petitioner.

No. 17-1162
(D.C. No. 1:15-CV-01237-DME-CBS)
(D. Colo.)

_____

**ORDER**
_____

Before **TYMKOVICH**, Chief Judge, **LUCERO** and **McHUGH**, Circuit Judges.
_____

Taylor Profita brought the underlying civil rights action to redress his allegedly improper exclusion from the University of Colorado Anschutz Medical Campus, where he had been a medical student, following his unsuccessful pursuit of state litigation against the University. He now petitions for a writ of mandamus ordering the recusal of the magistrate judge assigned to his district court proceedings and the vacatur of all rulings the judge has issued in the case, as well as other mandatory directives. The relief he seeks is premature, inappropriate, and/or unwarranted. We therefore deny the petition.

Mandamus can be a proper means to challenge a lower court judge's refusal to recuse. *See Nichols v. Alley*, 71 F.3d 347, 350 (10th Cir. 1995). But Mr. Profita has a motion currently pending in the district court for the recusal of the magistrate judge (and, as of May 15, 2017, for the recusal of the district judge as well). A mandamus petitioner "'must show that [he] lack[s] adequate alternative means to obtain the relief'" sought. *Id.* (quoting *Mallard v. U.S. Dist. Court*, 490 U.S. 296, 309 (1989)). Thus, unless and until

Mr. Profita's motion is denied by the magistrate judge and district judge (or a plainly impermissible delay in this regard is evident, *see, e.g.*, *Johnson v. Rogers*, 917 F.2d 1283, 1284-85 (10th Cir. 1990)—which has not occurred), this court's intervention would be premature. *See*, *e.g.*, *In re Dougherty*, 591 F. App'x 51, 52 (3d Cir. 2015) ("When a District Judge has yet to refuse a request for recusal . . . it cannot be said that the petitioner has no recourse but to seek the extraordinary remedy of mandamus from [the circuit] Court.").

Mr. Profita also asks this court to direct the district court to vacate the unfavorable judgment issued in his state court litigation or remand the matter to the state court for a new trial. To support this request Mr. Profita must demonstrate that his right to such relief is "clear and indisputable," and that issuance of the writ "is appropriate under the circumstances." *In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1187 (10th Cir. 2009) (internal quotation marks omitted). But lower federal courts generally lack jurisdiction to review state court judgments under the *Rooker-Feldman* doctrine, *see Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *Collins v. CFAM Fin. Servs., LLC*, 668 F. App'x 333, 334 (10th Cir. 2016) (holding *Rooker-Feldman* bar applies to challenges based on fraud on the court), and they also generally lack jurisdiction to issue writs of mandamus directed to state courts, *see White v. Ward*, 145 F.3d 1139, 1140 (10th Cir. 1998). Mr. Profita has not shown that the relief he requests is even permissible in light of such authorities, much less appropriate and clearly and indisputably mandated.

Mr. Profita further requests we prohibit the district court from considering certain affidavits submitted in support of the defendant's motion for summary judgment because

he believes they are contradicted by other evidence. But that is a matter that can be taken up, if necessary, on appeal from final judgment. As already noted, mandamus is not appropriate if other remedies are available. In particular, it is not a substitute for an appeal challenging disputed rulings in the ordinary course of appellate review. *See Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36 (1980); *United States v. Carrigan*, 778 F.2d 1454, 1467 (10th Cir. 1985).

Mr. Profita also asks this court to declare that he has a constitutionally protected interest in access to University of Colorado campuses, including the Anschutz campus at issue in the underlying case. As the subject of a mandamus petition, this request is both premature and inappropriate. The validity of his constitutional allegations is central to claims still pending before the district court and any decision thereon will be subject to appellate review in due course. Any preemptive declaration by this court on the matter would clearly fall outside the parameters of mandamus relief, for reasons explained above.

Finally, Mr. Profita seeks injunctive and declaratory relief requiring the district court to provide him access to the record of the proceedings below. The thrust of this request is not clear. As a general matter, the record is a public document, *see* United States District Court for the District of Wyoming Local Civil Rule 7.2, and Mr. Profita does not allege, much less show, that the district court is somehow actively barring his access to it. If the point of the request is to obtain a free copy of the record for his personal use, he does not cite any authority imposing a duty on the district court to provide such a benefit (and we note that he is not proceeding in forma pauperis). In

short, as the matter has been presented to us, Mr. Profita has not demonstrated a clear and indisputable right to the relief sought.

The petition for a writ of mandamus is accordingly denied.

                                                Entered for the Court

                                                ELISABETH A. SHUMAKER, Clerk